In re William Wilmont
**DAMORE, Debtor.**

**COUNTY OF BERKS, Plaintiff,**

v.

**William Wilmont DAMORE, Defendant.**

**Bankruptcy No. 95–20416T.
Adv. No. 95–2517.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 25, 1996.

Robert D. Katzenmoyer, Special Assistant, Berks County Solicitor, Reading, PA, for Plaintiff.

Charles B. Coleman, Law Offices of Jerome R. Smith, Reading, PA, for Defendant.

### OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Plaintiff, the County of Berks ("Plaintiff"), filed this complaint seeking a determination that the debt owed to it by Debtor is nondischargeable under 11 U.S.C. § 523(a)(7) since it is based upon two judgments which arose from Debtor's suretyship status on two forfeited bail bonds. Debtor's answer to the complaint avers that he was neither the criminal defendant who forfeited bail by failing to appear in the criminal cases nor a professional bail bondsman. Consequently, Debtor contends that we should weigh the equities in favor of declaring the debt dischargeable. To do otherwise, he argues, would result in execution by Plaintiff on his modestly priced residence and would impede his fresh start.

The parties submitted this matter for decision based on the pleadings, a joint stipulation of facts and briefs. The stipulation of facts establishes the following: Debtor signed two bail bonds, one on April 4, 1989 and the other on June 30, 1989, as a surety for two separate defendants in the Criminal Division of the Court of Common Pleas of Berks County. Both criminal defendants failed to appear as ordered on December 18, 1989 and Plaintiff then ordered the bail bonds forfeited. Thereafter, Plaintiff filed two complaints seeking confession of judgment against Debtor, one on October 25, 1991 seeking judgment in the amount of $25,000.00 and another on August 19, 1994 seeking judgment in the amount of $75,000.00, and judgment was then entered against Debtor on the complaints. On March 9, 1995, Debtor filed his chapter 7 petition and Plaintiff then filed this complaint on May 31, 1995 seeking a determination that the debt owed to it by Debtor, namely the net sum of $95,000.00 since Debtor had previously posted $5000.00, is nondischargeable under Section 523(a)(7).

The parties have not cited, and our independent research has not found, any case decided by a court within the Third Circuit on the issue before us, namely, whether a debt arising from a debtor's execution of a suretyship agreement relating to a bail bond, which bond is later forfeited, is nondischargeable under Section 523(a)(7). That subsection of the Bankruptcy Code declares a debt nondischargeable "... to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." However, Plaintiff has cited *Scott v. State of Alabama (In re Scott)*, 106 B.R. 698 (Bankr.S.D.Ala.1989). *Scott* involved a debtor who acted as surety on a criminal bail bond which was forfeited when the defendant in the underlying criminal proceeding failed to appear. After the bail bond was forfeited, the State proceeded to garnish the debtor's wages to collect on the forfeited bail bond. The court in *Scott* held that the garnishment of the debtor's wages was exempt from the automatic stay by virtue of 11 U.S.C. § 362(b)(4) as "an action by a governmental unit to enforce such governmental unit's police or regulatory power." The *Scott* Court also found, without discussion or citation of caselaw, that Section 523(a)(7) rendered the debtor's obligation to the State on the forfeited bail bond nondischargeable.

Our independent research has discovered two cases which hold that a debt owed by a debtor based upon a bail bond forfeiture is dischargeable under Section 523(a)(7) so long as the debtor was not the defendant who failed to appear in the criminal proceeding. The first case, *Pioneer Gen'l. Ins. Co. v. Paige (In re Paige)*, Adv. No. 87 E 194, Case No. 86 B 8072 C, 1988 WL 62500 (Bankr. D.Colo.1988), contains an analysis of the Section 523(a)(7) issue. The second case, *Pioneer Gen'l. Ins. Co. v. Midkiff (In re Midkiff)*, 86 B.R. 239 (Bankr.D.Colo.1988), does not independently analyze the Section 523(a)(7) issue but rather adopts the reasoning of *Paige* and attaches the opinion in *Paige* as "Appendix A" to its decision. Accordingly, we will focus our discussion primarily on *Paige*.

The debtors in *Paige* and *Midkiff* were professional bail bondsmen who worked as agents for Pioneer General Insurance Company or its predecessor. The agreements between the debtors and Pioneer (or its predecessor) provided that the debtors would indemnify the company for any losses arising from the forfeiture of bail bonds. Thereafter, several of the debtors' bail bonds were, in fact, forfeited due to the criminal defendants' failure to appear and Pioneer (or its predecessor) then honored its bond obligations to the Colorado Courts. When the debtors filed their bankruptcy petitions, Pioneer filed complaints under Section 523(a)(7) alleging that it was subrogated to the rights of the Colorado Courts under Section 509(a) and, therefore, had standing to bring the Section 523(a)(7) actions. Both the *Paige* and *Midkiff* courts accepted this theory and assumed that Pioneer had standing. The *Paige* court then proceeded to discuss Section 523(a)(7) in detail and held that the debt was dischargeable because the debtor was not the criminal defendant who failed to appear. The *Paige* court's analysis was based upon passages from the United States Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), which held that criminal restitution obligations are nondischargeable under Section 523(a)(7). While the *Kelly* case did not involve or address bail bond forfeitures or the relevance, if any, of the fact that the debtor was not the defendant in the underlying criminal proceeding upon the Section 523(a)(7) analysis, the *Paige* court quoted the following passage from *Kelly*:

Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.

*Paige*, 1988 WL 62500 at \*2–\*3, *citing Kelly*, 479 U.S. at 41, 107 S.Ct. at 362. The court in *Paige* went on to explain its analogy of the *Kelly* reasoning to the facts before it as follows:

A close reading of *Kelly* convinces this Court that the Supreme Court, in construing Section 523(a)(7), made it clear that the type of obligations which are excepted from discharge ... are those which are essentially *penal* in nature as to the particular debtor at issue, whether they be denominated fines, penalties or forfeitures.

*Paige*, 1988 WL 62500 at \*3. The *Paige* court then analyzed Colorado state law and determined that a surety's obligation on a bail bond is contractual in nature. Since the debtor in the case before it had assumed only a civil obligation and had no penal sanctions imposed against him, the *Paige* court held that the debt arising from the bail bond forfeiture was dischargeable. The court concluded its opinion by expressing in *dicta* that had the debtor been the criminal defendant who had actually failed to appear, it would have found the debt based upon the bail bond forfeiture nondischargeable under Section 523(a)(7). *Id.* at \*4.

We agree with the *Paige* court's analysis and conclude that, where, as in the case before us, the debtor is not the defendant who failed to appear in the underlying state court criminal proceeding, but rather, is merely the surety on a forfeited bail bond who had no penal sanctions imposed against him, the debtor's obligation on the bail bond is contractual rather than penal in nature and is not rendered nondischargeable by Section 523(a)(7).[1]

An appropriate Order follows.

---

1. While we find Debtor's obligation to Plaintiff on the bail bonds dischargeable, we note that, unless Plaintiff's liens are avoided in this bankruptcy case, they are unaffected by this bankruptcy and any discharge order which is subsequently entered. Accordingly, unless Plaintiff's liens are avoided, they will remain in full force and effect after a discharge order is entered and this case is closed. *See* 11 U.S.C. § 524(a)(1); *Collier on Bankruptcy*, 15th Ed., ¶ 524.02[1] at 524–17–18. We further note that Debtor previously filed a motion to avoid Plaintiff's liens. This motion was scheduled for hearing to be held on June 1, 1995. However, at the request of the parties, this hearing was not held, but was continued generally so that Plaintiff could file this adversary complaint. As we now render a decision on this adversary complaint finding the debt in issue dischargeable, we shall forthwith direct the Clerk's Office to renotice Debtor's lien avoidance motion for hearing.

***ORDER***

AND NOW, this 25th day of April, 1996, it is ORDERED that JUDGMENT on the complaint is ENTERED in favor of DEBT-OR and the debt owed by Debtor to Plaintiff is found DISCHARGEABLE under 11 U.S.C. § 523(a)(7).