**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Amada ZAMORA, Defendant–Appellee.**

**No. CV 98–336 TUC–JMR.
Bankruptcy No. 97–4679 SV–JMM.
Adversary No. 98–023.**

United States District Court,
D. Arizona.

March 31, 1999.

James E. Mueller, United States Attorney, Tucson, AZ, for United States of America, plaintiff.

Larry Dennis Scheafer, Sierra Vista, AZ, for Amada Zamora, defendant.

Henry K. Zipf, Tucson, AZ, trustee, pro se.

## *ORDER*

ROLL, District Judge.

Appellant United States appeals from a decisions stated by the United States Bankruptcy Court. For the reasons stated below, the Court vacates the bankrupt-

cy court's order and remands for further proceedings.

## Facts

On January 21, 1994, Debtor Amada Zamora agreed to act as a surety on a bail bond issued to secure the appearance of a defendant in a federal criminal case being prosecuted in the Southern District of California.[1] Debtor agreed to pay $25,000 in the event that the defendant did not appear in court. Debtor paid no cash and the obligation was unsecured.

The bond signed by Debtor stated in part:

> Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above-entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally. . . . [2]

The criminal defendant failed to appear in court as ordered, and in April 1994, the government filed a forfeiture action in order to collect the $25,000 personal appearance bond. On July 10, 1994, the district court ruled that the bond "was and is forfeited" and entered a judgment of default against Debtor in the amount of $25,000, with interest to accrue annually.

On October 21, 1997, Debtor filed for Chapter 7 bankruptcy. In her bankruptcy filing, Debtor listed a debt to the United States on the forfeited bail bond in the amount of $26,359. Thereafter, on February 6, 1998, the United States filed an adversary complaint seeking a determination from the bankruptcy court that the debt on the forfeited bail bond was non-dischargeable[3] pursuant to 11 U.S.C. § 523(a)(7). The United States filed a motion for judgment on the pleadings and following briefing and argument, the bankruptcy court entered a memorandum decision on June 30, 1998. The bankruptcy court held that the bail bond debt was dischargeable in bankruptcy. The United States filed a notice of appeal to this Court on July 10, 1998.

## Standard of Review

■ The Court reviews the bankruptcy court's findings of fact under a clearly erroneous standard. *See In re Daniels–Head & Assocs.*, 819 F.2d 914, 918 (9th Cir.1987). The Court exercises de novo review of the bankruptcy court's conclusions of law. *Id.*

## Issue Presented

The parties do not dispute the relevant facts. The only issue presented here is whether the bankruptcy court correctly determined that an obligation to the United States arising out of a forfeited bail bond is dischargeable, where the debtor acted as a surety on the bond to secure the appearance of a third party criminal defendant.

## Discussion

■ The Bankruptcy Code, 11 U.S.C. § 523(a)(7), excepts from discharge certain fines or penalties owed to a governmental entity. To be non-dischargeable, a debt must be:

a) a fine, penalty, or forfeiture,

b) payable to and for the benefit of a governmental unit, and

c) not compensation for actual pecuniary loss.

11 U.S.C. § 523(a)(7).

Here, Debtor's obligation on the forfeited bail bond appears to fall squarely within

---

1. Debtor posted the bond on behalf of her nephew, who was indicted on one count of possession with intent to distribute marijuana.

2. Upon the Court's request for supplementation of the record, and the parties having no objection, a copy of the bond and Judgment of Default were obtained from the Southern District of California and filed in this matter under separate Order.

3. As the term implies, a non-dischargeable debt is not discharged in bankruptcy and the debtor remains liable for the entire balance of the claim.

the parameters of § 523(a)(7). By its own terms, the obligation is a forfeiture; it arose from the forfeiture of the personal appearance bond when the criminal defendant failed to appear. The obligation is payable to and for the benefit of a governmental entity and it is not compensation for actual pecuniary loss.

In *Kelly v. Robinson*, 479 U.S. 36, 52–53, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the United States Supreme Court interpreted § 523(a)(7) as it applied to restitution orders as a condition of probation in conjunction with a state court conviction. Because restitution on its face was not a "fine, penalty, or forfeiture" under the first prong of § 523(a)(7), the Court analyzed whether restitution was the type of obligation intended to be non-dischargeable under § 523(a)(7). In so doing, the Court distinguished between obligations stemming from pecuniary loss and obligations serving penal or broader societal interests. In holding that restitution orders were non-dischargeable under § 523(a)(7), the Court stated:

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit of" the State. Similarly, they are not assessed "for ... compensation" of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place

restitution orders within the meaning of § 523(a)(7).

*Id.* at 53, 107 S.Ct. 353.[4]

Aside from *Kelly 's* interpretation of § 523(a)(7), there is limited case law as to whether a surety's obligation arising from a forfeited bail bond is dischargeable in bankruptcy. Although no authority exists in the Ninth Circuit on the issue, three bankruptcy courts in two districts from other circuits have found such debts dischargeable.[5] Here, the bankruptcy court adopted the reasoning of one of those cases, *County of Berks v. Damore (In re Damore)*, 195 B.R. 40 (Bankr.E.D.Pa. 1996), and found that the obligation on the forfeited bail bond was dischargeable.

In apparent reliance upon *Kelly*, both the bankruptcy court in this action and *Damore* focused on the nature of the obligation, concluding that it was contractual rather than penal in nature:

> [W]here ... the debtor is not the defendant who failed to appear in the underlying ... criminal proceeding, but rather, is merely the surety on a forfeited bail bond who had no penal sanctions imposed against him, the debtor's obligation on the bail bond is contractual rather than penal in nature and is not rendered nondischargeable by Section 523(a)(7).

Memorandum Decision at 4 (quoting *Damore*, 195 B.R. at 42) (footnote omitted)).

The Court does not find *Damore* persuasive. In resolving whether the obligation here is non-dischargeable, the Court need not address whether a surety's obligation

---

4. Justice Marshall, with whom Justice Stevens joined, dissented, stating:

    > While I am wholly in sympathy with the policy interests underlying the Court's opinion ... Congress might have amended the code to achieve the result reached here.... I would affirm the judgment and permit Congress, if it were so inclined, to amend the Bankruptcy Code specifically to make criminal restitution obligations nondischargeable in bankruptcy.

    479 U.S. at 58–59, 107 S.Ct. 353. Here, Congress designated all forfeitures payable to the government and not constituting "com-

pensation for actual pecuniary loss" as nondischargeable.

5. These are *Pioneer General Ins. Co. v. Paige (In re Paige)*, 1988 WL 62500 (Bankr.D.Colo. 1988), *Pioneer General Ins. Co. v. Midkiff (In re Midkiff)*, 86 B.R. 239 (Bankr.D.Colo.1988), and *County of Berks v. Damore (In re Damore)*, 195 B.R. 40 (Bankr.E.D.Pa.1996). Both *Paige* and *Midkiff* are decisions from the bankruptcy court in the District of Colorado and *Midkiff* summarily adopted the reasoning of *Paige*.

on a forfeited bail bond is penal or contractual in nature. Here, the obligation falls expressly under the statute as a forfeiture. Unlike *Kelly,* which involved restitution, the Court need not go beyond the statute to determine whether the debt obligation is the type of obligation intended to be non-dischargeable under § 523(a)(7).

Applying the statute to this factual setting, the obligation is a forfeiture payable to and for the benefit of a governmental entity that is not compensation for pecuniary loss. The obligation is non-dischargeable under 11 U.S.C. § 523(a)(7).

For the reasons stated above, the order of the bankruptcy court is **VACATED** and the matter is **REMANDED** for further proceedings.