**In the Matter of William and Sharon TAYLOR, Debtors.**

**William and Sharon Taylor, Plaintiffs,**

**v.**

**State of Georgia, Georgia Department of Revenue, Defendant.**

**Bankruptcy No. 00–10255–WHD.**

**Adversary No. 00–1031.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

June 8, 2000.

Lisa D. Loftin, Carrollton, GA, for debtors/plaintiffs.

Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, John B. Ballard, Jr., Senior Assistant Attorney General, Oscar B. Fears, III, Assistant Attorney General, Atlanta, GA, for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Currently before the Court is the Georgia Department of Revenue's Motion to Dismiss. The dismissal motion arises in an adversary proceeding initiated by the Debtors in accordance with 11 U.S.C. § 523(a)(1) to determine the dischargeabil-

ity of certain taxes owed by them to the Georgia Department of Revenue. This matter constitutes a core proceeding within the subject matter jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(2)(I), and it shall be disposed of in accordance with the following reasoning.

### DISCUSSION

On April 10, 2000, the Debtors filed a complaint against the Georgia Department of Revenue. Therein, the Debtors contend that approximately $103,000 of 1992 and 1993 state taxes should be discharged in bankruptcy. *See* 11 U.S.C. § 523(a)(1). In response to the Debtors' complaint, the Georgia Department of Revenue filed a motion to dismiss on May 3, 2000. In essence, the Georgia Department of Revenue contends that the Eleventh Amendment to the United States Constitution bars the instant adversary proceeding.

■ The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This constitutional amendment "shields states from being sued in federal court without their consent, leaving parties with claims against a State to bring them, if the State permits, in the State's own tribunals." *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.2000).

■ Congress, by enacting § 106(a) of the Code, abrogated a government unit's sovereign immunity in most bankruptcy cases. *See* 11 U.S.C. § 106(a). However, Congress' authority to abrogate a state's sovereign immunity through the exercise of its Article I powers was rejected by the Supreme Court in the case of *Seminole Tribe of Florida v. Florida*.[1] *See Seminole*, 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (the Eleventh Amendment "serves to avoid 'the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of pri-

1. In *Seminole*, the Supreme Court was faced with Congress' use of its authority under the Indian Commerce Cause. The Indian Commerce Clause is found in Article One, section eight, clause two. *See* U.S. CONST. art. 1, § 8, cl. 2 ("Congress shall have power ... To regulate Commerce ... with the Indian Tribes"). Congress' authority to regulate bankruptcy law is found in Article One, section eight, clause three. *See* U.S. CONST. art. 1, § 8, cl. 3 ("Congress shall have power ... To establish ... uniform Laws on the subject of Bankruptcies throughout the United States"). The large majority of post-*Seminole* bankruptcy cases have applied the *Seminole* holding inasmuch as no real distinction can be drawn between Congress' authority under the Indian Commerce Clause and its authority under the Bankruptcy Clause.

Since *Seminole*, four Supreme Court decisions in non-bankruptcy related cases lend additional support to the notion that § 106 of the Bankruptcy Code is unconstitutional. First, in *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), the Court held that Congress cannot subject a state to a lawsuit in state court without the state's consent. Specifically, the Court upheld a decision by the Maine Judicial Supreme Court that the State of Maine cannot be sued in Maine state court for violations of the Fair Labor Standards Act. Second, in *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (*College Savings Bank I*), the Court concluded that Congress cannot deem certain actions of a state to be a waiver or abrogation of sovereign immunity. Only time will tell, but *College Savings Bank I* may well prove fatal to the constitutionality of § 106(b) and (c). Third, in *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999) (*College Savings Bank II*), the Court held that the Fourteenth Amendment's authorization for "appropriate legislation" to protect against deprivations of property without due process of law does not authorize Congress to abrogate state sovereign immunity. For all intents and purposes, *College Savings Bank II* overrules lower courts which have reasoned that § 106 is constitutional under the Fourteenth Amendment. Lastly, the Supreme Court most recently held in *Kimel v. Florida Board of Regents*, —— U.S. ——, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), that sovereign immunity protects states from age discrimination suits brought under the federal Age Discrimination in Employment Act.

vate parties'") (citation omitted). This Court has had occasion to apply *Seminole*. In *Ellenberg v. Board of Regents of the University System of Georgia (Matter of Midland Mechanical Contractors, Inc.)*, the Court concluded that "the avoidance of Eleventh Amendment immunity found within Code section 106 has no validity in the wake of *Seminole* because it relies upon a nonexistent Article I power of abrogation for its generative impetus." *Midland Mechanical Contractors, Inc.*, 200 B.R. 453, 458 (Bankr.N.D.Ga.1996).

■ The Georgia Department of Revenue has not consented to be a defendant in this lawsuit. Moreover, there is no issue of sovereign immunity waiver here. The Georgia Department of Revenue has not filed a proof of claim, or otherwise participated in this case, such that it may be deemed to have waived its immunity.[2] Consequently, the Court can obtain jurisdiction over the Georgia Department of Revenue only upon a finding that the instant adversary proceeding is not a "suit in law or equity . . . against one of the United States." *See* U.S. CONST. amend XI. To this end, Chief Justice John Marshall recognized long ago that some legal actions are not "suits" .within the scope of the Eleventh Amendment. *See Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 5 L.Ed. 257 (1821). According to Chief Justice Marshall, a "suit" is "the prosecution, or pursuit, of some claim, demand, or request." *Id.* at 407. In the case of *In re Barrett Refining Corporation*, the bankruptcy court, interpreting *Cohens v. Virginia*, concluded that a "suit" requires the following:

1. an adversarial proceeding;

2. which arises as a result of a deprivation or injury;

3. which involves at least two parties;

4. which compels the attendance of the parties;

5. which asserts and prosecutes a claim against one of the parties; and

6. which demands the restoration of some thing from the defending party. *Barrett Refining Corp.*, 221 B.R. 795, 803 (Bankr.W.D.Okla.1998) (citing *Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 5 L.Ed. 257 (1821)).

■ In applying the aforementioned factors to the case at bar, the Court first notes that Rule 7001(6) of the Federal Rules of Bankruptcy Procedure provides that a dischargeability action is an adversary proceeding. Also, Rule 7003 requires that an adversary proceeding be commenced by the filing of a complaint (an act which the Debtors performed on April 10, 2000). On April 10, 2000, a summons issued by the Clerk of the Court was directed to the Georgia Department of Revenue. On the face of the summons, the Georgia Department of Revenue was advised that it had thirty (30) days to respond to the Debtors' complaint. Further, the summons warned the Georgia Department of Revenue that its failure to respond to the complaint could result in the entry of a default judgment against it. Thus, the Georgia Department of Revenue was compelled to respond to the Debtors' complaint, else it might suffer the consequences of an adverse judgment. In addition, the judgment which the Debtors seek would cause more than $103,000 in state taxes to be discharged in bankruptcy. Such a judgment in favor of the Debtors will certainly have a negative impact on the state revenue department. For these reasons, the Court is convinced that the Debtors' complaint qualifies as a suit such that the Georgia Department of Revenue is entitled to assert its sovereign immunity. *See Univ. of Virginia v. Robertson*, 243 B.R. 657 (W.D.Va.2000) (complaint filed by debtor under § 523(a)(8) to determining dischargeability of student loans is a suit for purposes of sovereign immuni-

---

2. As such, the Court need not decide what impact *College Savings Bank I* will have on the waiver issue in bankruptcy cases.

ty); *Texas Higher Educ. Coordinating Bd. v. Greenwood (In re Greenwood)*, 237 B.R. 128 (N.D.Tex.1999) (same); *Mitchell v. California Franchise Tax Bd. (In re Mitchell)*, 222 B.R. 877 (9th Cir. BAP 1998) (§ 523(a)(1) complaint constitutes a suit under the Eleventh Amendment).

### CONCLUSION

Having given this matter its careful consideration, the Court concludes that the Debtors' adversary proceeding against the Georgia Department of Revenue is barred by the Eleventh Amendment. Accordingly, the Georgia Department of Revenue's Motion to Dismiss is hereby **GRANTED.** The Debtors' complaint against the Georgia Department of Revenue is **DISMISSED.**

**IT IS SO ORDERED.**