**In re Rudolph VEGLIANTE, Jr., Debtor.**

**Rudolph Vegliante, Jr., Plaintiff,**

v.

**State of New Jersey, Dept. of Treasury, Divisions of Revenue and Taxation, Defendant**

Bankruptcy No. 5–00–00392. Adversary No. 5–00–00139A.

United States Bankruptcy Court, M.D. Pennsylvania.

April 12, 2001.

818

Brett Riegel, Stroudsburg, PA, for Debtor.

Tracy E. Richardson, Deputy Attorney General, New Jersey Attorney General's Office, Trenton, NJ, for Defendant.

Stephen Brandwene, Assistant Attorney General, Pennsylvania Attorney General's Office, Harrisburg, PA.

## OPINION[1]

JOHN J. THOMAS, Bankruptcy Judge.

The issue in this case is whether this Court can entertain the adversary proceeding before it. In short, no.

1. Drafted with the assistance of Seth Cohen, Law Clerk.

On February 8, 2000, Rudolph Vegliante, Jr., the Plaintiff/Debtor, filed a Voluntary Petition under Chapter 7 with this Court. The Plaintiff listed the State of New Jersey, Department of Treasury, Divisions of Revenue and Taxation, the Defendant, as unsecured creditor number nine (9) on Schedule F in the amount of $210, 048.32. (Doc. # 1 filed to case docket 5–00–00392.) This adversary proceeding was commenced by the Plaintiff on June 23, 2000. (Doc. # 9 filed to case docket 5–00–00392.) The discharge of the Debtor was entered on July 11, 2000. In the Complaint, Plaintiff alleged that the debts in question were tax obligations to the Defendant State of New Jersey, Department of Treasury for 1995 and 1996. (See Complaint filed to adversary 5–00–00139A.)

On July 27, 2000, Defendant filed a Notice of Appearance and Request for Service of Papers and Other Documents which explicitly stated that, "nothing in this pleading is intended to waive the state of New Jersey's or its officials' immunity from suit in a federal court under the Eleventh Amendment." (Notice of Appearance and Request for Service of Papers and Other Documents, Doc. # 4A.) This was followed, on August 15, 2000, with the Defendant's Motion to Dismiss the Adversary Complaint for Lack of Jurisdiction. (Doc. # 5A.)

Plaintiff argues that these tax debts are dischargeable because they are outside the statutory period allowed under 11 U.S.C. § 507(a)(8). (See Complaint at 2.) Plaintiff admits that without further discovery or a hearing on the merits, this Court cannot make a determination on the dischargeability of the debts. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Adversary Complaint (Doc. # 11A) at fourth page.) Defendant asserted the defense of sovereign immunity under the 11th Amendment of the Constitution, and argued that this Court cannot hear the case. Defendant further argued that even if this Court can exercise jurisdiction, the tax debts are not dischargeable because they fall under 11 U.S.C. § 507(a)(8)(C). This Court cannot address the merits of the dischargeability of the debts if it cannot assert jurisdiction in this matter. Thus, the threshold issue is whether this Court can hear this case. I conclude that I cannot hear the merits of this case because the Defendant has properly invoked its sovereign immunity.

States retain their immunity through the 11th Amendment to the Constitution of the United States which states,

"The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. Const. Amend. XI.

Thus, states are immune from suits brought by individuals from other states and by their own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–62, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)(collecting cases)[hereinafter *Edelman*], as discussed in *In re Sacred Heart Hospital of Norristown,* 133 F.3d 237, 241 (3rd Cir.1998)[hereinafter *In re Sacred Heart*].

The first determination the Court must make is whether the Plaintiff has brought a suit. If there was a 'suit', then this Court would be precluded from adjudicating it because the Defendant has asserted its sovereign immunity from this suit. As far back as 1821, the Supreme Court held that a suit requires: (1) an adversarial proceeding; (2) which arises as a result of a deprivation or injury; (3) which involves at least two parties; (4)

which compels the attendance of one of the parties; (5) which asserts and prosecutes a claim against one of the parties; and (6) which demands the restoration of something from the defending party. *Cohens v. Virginia*, 6 Wheat. 264, 19 U.S. 264, 5 L.Ed. 257 (1821). Recently, bankruptcy courts have used this analysis concerning an individual plaintiff seeking a declaratory judgment on the dischargeability of a debt to a state, where the state then invokes its sovereign immunity. *In re Taylor*, 249 B.R. 571 (Bankr.N.D.Ga.2000)(adversary proceeding qualified as a "suit" against state, within meaning of the Eleventh Amendment); *Barrett Refining Corp.*, 221 B.R. 795, 803 (Bankr.W.D.Okla.1998)(distinguishing a bankruptcy case from an adversary proceeding); see also, *In re Mueller*, 211 B.R. 737 (Bkrtcy.D.Mont.1997)(an action to determine personal liability for a corporate debt constitutes a suit). The Debtor is requesting a judgment declaring certain tax debts as dischargeable. Debtor filed an adversary proceeding (Doc. # 1A) and caused a Summons to be served on the Defendant on or about June 23, 2000 (Doc. # 2A). This Summons required the response of the Defendant, otherwise there may be a default judgment entered against it. *Id.* Thus, the Defendant was compelled to respond. Such an adversary proceeding as this meets the requirements of a suit for Eleventh Amendment purposes.

In the wake of the Supreme Court's landmark decision in *Seminole*, federal courts have held that they do not have the legal authority to entertain adversary proceedings by an individual against a State that has not waived its immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). See also, *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *In re Sacred Heart, supra; In re Creative Goldsmiths of Washington D.C.*, 119 F.3d 1140 (4th Cir.1997); *In re Doiel*, 228 B.R. 439 (D.S.D.1998). The reason is that the Supreme Court in *Seminole* held that Congress may not abrogate state sovereign immunity by passing legislation pursuant to its Article I powers. 517 U.S. at 71–74, 116 S.Ct. at 1131–32. More directly on point, the Third Circuit, following the Supreme Court's reasoning in *Seminole*, held in *Sacred Heart* that Congress' attempt to abrogate state sovereign immunity as to numerous sections of the Bankruptcy Code by enacting Section 106 in 1994 was unconstitutional. *In re Sacred Heart, supra*, at 245.

The Eleventh Amendment is abrogated by Congress if (1) it does so intentionally, and (2) it does so pursuant to a Constitutional provision allowing it to do so. *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)[hereinafter *Pennhurst*]; *In re Sacred Heart, supra*, at 242. After *Seminole*, Eleventh Amendment sovereign immunity will typically only be abrogated by Congress acting through the Fourteenth Amendment's enforcement clause, section 5. This allows Congress to act in a remedial way to protect the life, liberty, or property of an individual. Bankruptcy is not one of these fundamental rights. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). Congress, therefore, did not properly abrogate state sovereign immunity under the Eleventh Amendment when it enacted Section 106 of the Bankruptcy Code. *Seminole, Sacred Heart, supra*. Since Congress did not abrogate state sovereign immunity, a state is immune from suits brought by individuals from other states and by its own citizens, unless the state consents to the suit. *Al-*

*den v. Maine, supra; Edelman, supra; In re Sacred Heart, supra.*

■ In addition, Plaintiff has argued that since he seeks declaratory rather than monetary relief, this Court should be able to reach a decision on the merits of this case. (Plaintiff's Memorandum of Law (Doc. # 11A) at second page.) Plaintiff bases his argument on the Supreme Court's rulings in *United States v. Nordic Village, Inc.*, 503 U.S. 30, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), and *Hoffman, Trustee v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). Both *Nordic Village* and *Hoffman* are concerned with Section 106(c) of the Bankruptcy Code prior to its amendment in 1994 which dealt with offset. Plaintiff's argument is misplaced as the matter before this Court does not deal with the issue of offset. Moreover, "the type of relief sought is irrelevant" for purposes of the Eleventh Amendment. *In re Kish*, 212 B.R. 808, 814 (D.N.J.1997), *citing Pennhurst*, 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)("jurisdictional bar [of the Eleventh Amendment] applies regardless of the relief sought"), *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982)("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the state itself simply because no money judgment is sought."), and *In re Sacred Heart*, 133 F.3d at 239.

■ Injunctive relief against a state is permissible under *Ex Parte Young* in order to remedy a state officer's ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Seminole* at n. 14. Here, there is no claim or action brought by the Defendant, or agent of the Defendant, to collect the debts owed by the Plaintiff. Nor has the Plaintiff claimed such action by the Defendant. Therefore, Plaintiff's argument is not applicable.

■ An adversary proceeding under the Federal Rules of Bankruptcy Procedure includes "a proceeding to determine the dischargeability of a debt." Federal Rule of Bankruptcy Procedure 7001(6). Plaintiff brought this adversary proceeding against Defendant in accordance with Federal Rule of Bankruptcy Procedure Rule 7003 (commencement of an adversary proceeding), and Rule 7004 (Process; Service of Summons, Complaint). As discussed earlier, this adversary proceeding is a 'suit', for purposes of the Eleventh Amendment. Defendant did not waive its sovereign immunity such as by filing a proof of claim against the Debtor/Plaintiff in his bankruptcy proceeding or in some other manner. Furthermore, Defendant's notice of appearance and memorandum of law specifically do not waive Defendant's sovereign immunity. See, Notice of Appearance and Request for Service of Papers and Other Documents (Doc. # 4A at 3) ("Accordingly, nothing in this pleading is intended to waive the State of New Jersey's or its officials' immunity from suit in federal court under the Eleventh Amendment."); The State of New Jersey, Division of Taxation's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint (Doc. # 6A). Given the facts of this case and the above discussion on sovereign immunity, this Court has no jurisdictional basis to hear this matter.

For these reasons, this Court finds that it cannot reach the question of whether the debts in question are dischargeable because it lacks jurisdiction.

An Order will follow.