**SEMINOLE GULF RAILWAY, L.P. Plaintiff,**

v.

**FLORIDA DEPARTMENT OF REVENUE, Defendant.**

**No. 2:02–CV–22–FTM–29DNF.**

United States District Court, M.D. Florida. Fort Myers Division.

Feb. 21, 2003.

Douglas R. Bald, Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, FL, for Seminole Gulf Railway, L.P., plaintiff.

Mark T. Quinlivan, U.S. Department of Justice, Washington, DC, for United States.

Eric Joseph Taylor, Attorney General's Office, John Mika, Attorney General's Office, Tallahassee, FL, for Florida Department of Revenue, defendant.

## *ORDER*

STEELE, District Judge.

This matter comes before the Court on the Florida Department of Revenue's Dispositive Motion to Dismiss (Doc. # 11) and supporting Memorandum of Law (Doc. # 12), both filed on May 20, 2002. Plaintiff filed a Response Memorandum (Doc. # 13) on May 31, 2002. On September 20, 2002, the Court entered an Order (Doc. # 17) which stayed further proceedings pending a ruling on the motion to dismiss. On the same date, the Court entered a Certification to Attorney General and Order (Doc. # 18), advising the United States Attorney General that defendant asserted that 49 U.S.C. § 11501(c) was unconstitutional. On November 6, 2002, the Court granted the United States' motion to intervene. (Doc. # 23). On November 14, 2002, the United States filed a Memorandum of Law (Doc. # 24) in support of the constitutionality of the statute. The Department of Revenue's Response to the Memorandum of the United States (Doc. # 28) was filed on December 16, 2002.

### I.

The Complaint for Declaratory and Injunctive Relief (the Complaint)(Doc. # 1) seeks to enjoin the Florida Department of Revenue (FDOR) from enforcing remedies relative to an allegedly discriminatory sales and use tax. FDOR has assessed a tax liability in excess of $143,000 on

amounts paid by plaintiff to CSX Transportation, Inc. (CXST) for lease payments pursuant to a long term lease, and on materials purchased by plaintiff for use in government entity and other projects. Plaintiff alleges that the assessment as to amounts paid to CSXT constitutes a discriminatory tax in violation of 49 U.S.C. § 11501(b)(4) and a Florida statute. Plaintiff also alleges that the assessment as to amounts paid for materials purchased for railway use in government entity projects is illegal because the government entities, and not plaintiff, are the ultimate consumers of the materials, and there is an exception under state law which FDOR has failed to recognize.

The Department of Revenue seeks to dismiss the Complaint on four grounds: (1) The action is barred by the Eleventh Amendment; (2) The injunctive relief requested is barred by the Tax Injunction Act, 28 U.S.C. § 1341; (3) The court should abstain because there is an identical action pending in state court in Sarasota, Florida; and (4) The court lacks jurisdiction because plaintiff has failed to timely file suit and failed to meet any of the required financial security arrangements listed in Fla. Stat. § 72.011.

### III.

**A. Eleventh Amendment:**

■ The Eleventh Amendment precludes suits by citizens against their own States in federal court. *Board of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Comm'n,* 226 F.3d 1226, 1231 (11th Cir.2000). A "state" for Eleventh Amendment purposes includes certain actions against state agents and state instrumentalities, *Shands Teaching Hospital and Clinics, Inc. v. Beech Street Corp.,* 208 F.3d 1308, 1311 (11th Cir.2000), and state officials sued in

their official capacities. *McMillian v. Monroe County,* 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). There is no question but that the FDOR constitutes an arm of the State of Florida.

■ Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued. *Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir.1990). Plaintiff argues that Congress has validly abrogated the states' Eleventh Amendment immunity, and therefore the court has jurisdiction.

Congress, as part of the Railroad Revitalization and Regulatory Reform Act of 1976 (the 4–R Act), provided that certain acts burden and discriminate against interstate commerce, and precluded a State and its subdivisions from doing those acts. 49 U.S.C. § 11501(b). Among other things, the statute precluded a State or its subdivisions from "Impos[ing] another tax that discriminates against a rail carrier providing transportation subject to the jurisdiction of the [Surface Transportation] Board under this part." 49 U.S.C. § 11501(b)(4). The statute also provided: "Notwithstanding section 1341 of Title 28 [the Tax Injunction Act] and without regard to the amount in controversy or citizenship of the parties, a district court of the United States has jurisdiction, concurrent with other jurisdiction of courts of the United States and the States, to prevent a violation of subsection (b) of this section ..." 49 U.S.C. § 11501(c).

Defendant argues that this purported waiver of immunity was enacted pursuant to the Commerce Clause of the United States Constitution, and Congress has no such power under the Commerce Clause. Accordingly, defendant argues that the statute is unconstitutional as applied to the State of Florida, and the court lacks jurisdiction. Defendant relies upon *Trustees of*

*the University of Alabama v. Garrett,* 531 U.S. 356, 364, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Kimel v. Florida Board of Regents,* 528 U.S. 62, 78–80, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).

█ Defendant is correct that the Supreme Court held that Congress does not have power under the Commerce Clause to abrogate states' Eleventh Amendment immunity. The Supreme Court has made clear, however, that Congress does have the authority under Section 5 of the Fourteenth Amendment to validly abrogate states' Eleventh Amendment immunity. While the Eleventh Circuit has not decided the issue, all four circuits which have addressed § 11501(c) have held that Congress validly abrogated Eleventh Amendment immunity under Section 5 of the Fourteenth Amendment. *CSX Transportation, Inc. v. New York State Office of Real Property Services,* 306 F.3d 87 (2nd Cir.2002); *Burlington Northern & Santa Fe Ry. Co. v. Burton,* 270 F.3d 942 (10th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2664, 153 L.Ed.2d 838 (2002); *Union Pacific R.R., Co. v. Utah,* 198 F.3d 1201 (10th Cir.1999); *Wheeling & Lake Erie Ry. Co. v. Public Util. Comm'n of Pennsylvania,* 141 F.3d 88 (3rd Cir.1998), *cert. denied,* 528 U.S. 928, 120 S.Ct. 323, 145 L.Ed.2d 252 (1999); *Oregon Short Line R.R. v. Dept. of Revenue,* 139 F.3d 1259 (9th Cir.1998). The Court agrees, and finds that § 11501(c) validly abrogated Eleventh Amendment immunity under Section 5 of the Fourteenth Amendment.

**B. Tax Injunction Act:**

█ The Tax Injunction Act, 28 U.S.C. § 1341, states "The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under the state law where a plain, speedy and efficient remedy may be had in the courts of such state." Defendant argues that this precludes the action in this case. The 4–R

Act states, however, that "Notwithstanding section 1341 of Title 28 [the Tax Injunction Act] and without regard to the amount in controversy or citizenship of the parties, a district court of the United States has jurisdiction, ..." 49 U.S.C. § 11501(c). Congress has created an exception to the Tax Injunction Act, and this exception allows plaintiff to maintain the action in this case.

**C. Abstention:**

Defendant's motion asserts that the Court should abstain from hearing this case because an identical action was previously filed in state court in Sarasota, Florida. (Doc. # 11, ¶ 3). Defendant's memorandum of law, however, fails to discuss this issue or cite any legal authority to the Court. Accordingly, the Court deems this issue to have been waived.

**D. State Statutory Procedures:**

█ Defendant argues that the case must be dismissed because it was not filed within the limitations period of Fla. Stat. § 72.011. Defendant also argues that the action is barred because plaintiff did not comply with the financial requirements of this statute before filing suit. The Court agrees with plaintiff that this action is controlled by the 4–R Act, not the state statute.

Accordingly, it is now

**ORDERED:**

1. The Florida Department of Revenue's Dispositive Motion to Dismiss (Doc. # 11) is **DENIED.**

2. The stay previously entered is lifted, and defendant shall file an Answer within ten days of the date of this Order.