[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2005
THOMAS  K. KAHN
CLERK

No. 04-14911
Non-Argument Calendar

_____

D. C. Docket No. 04-00046-CV-4-RH-WCS

DERICK M. WEBB,

Plaintiff-Appellant,

versus

TALLAHASSEE POLICE DEPARTMENT,
APRIL ROBBINS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 4, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Derick M. Webb, proceeding *pro se*, appeals the district court's order

dismissing his civil suit under 42 U.S.C. § 1983.  Webb does not present any

arguments on appeal. He submitted the docket sheet from the district court and copies of various pleadings, including his amended complaint, the original complaint, the magistrate judge's report and recommendation, the district court's order dismissing the case, and the final judgment.

Issues that are not briefed on appeal are considered abandoned. *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001). Thus as Webb fails to assert any error in the district court's dismissal of his § 1983 action, we could deem such arguments abandoned. *Pro se* pleadings, however, are governed by less stringent standards than counseled pleadings. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972). Therefore, even though Webb fails to raise any arguments on appeal, we liberally construe his appeal to encompass a challenge to the district court's order dismissing his § 1983 action.

We review a district court's dismissal under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim *de novo*. We accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000). A motion to dismiss under Rule 12(b)(6) should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Id*. Finally,

"negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." *Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir. 1993).

Upon careful review of the record, we find no reversible error. Webb's amended complaint alleged that his probation violation conviction resulted from the negligent and irresponsible conduct of the probation office. Allegations of negligent conduct are insufficient to state a claim under § 1983. *Id*. Thus, Webb's amended complaint failed to state a claim upon which relief may be granted and the district court properly dismissed Webb's § 1983 action. Accordingly, we affirm.

**AFFIRMED**.