[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12671
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00396-CV-T-24-TGW

OSCAR L. WASHINGTON, SR., on behalf of himself and
as father and next friend of his minor children
K.W., O.W. Jr., and P.W.,

Plaintiff-Appellant,

versus

DEPARTMENT OF CHILDREN AND FAMILIES,
CHARLIE CRIST, in his official capacity as Chief of
the Department of Children and Family (DCF),
ROBERT A. BUTTERWORTH, as Chief Operating Officer
for DCF,
KIM KUTCH, in her official capacity as Regional
Operation Manager for the DCF,
LYNN JOHNSTON, in her official capacity as
Operation Program Administrator for DCF, et.al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2007)

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Oscar Lee Washington, proceeding pro se, appeals the district court's dismissal with prejudice of his civil rights complaint. For the reasons that follow, we vacate and remand in part and affirm in part.

Washington filed his pro se complaint against various members of the Florida Department of Children and Family, and Ramona Funsch, the mother of his children, alleging state and constitutional violations in connection with the removal of his children from his care and their placement in the foster system. The district court dismissed the complaint with prejudice for the failure to comply with Fed. R. Civ. P. ("Rule") 8(a)(2). Washington now appeals.

We review the dismissal of a complaint for failure to state a claim de novo. Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp., 208 F.3d 1308, 1310 (11th Cir. 2000). Because of the liberal pleading requirements of the Federal Rules, rarely will a motion to dismiss for failure to state a claim be granted. Quality Foods de Centro America, S.A. v. Latin American Agribusiness, 711 F.2d 989, 996 (11th Cir. 1983).

A pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although courts liberally construe pro se pleadings, the litigant is still required to conform to

2

procedural rules, and the court is not required rewrite a deficient pleading. See

GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.

1998).

"Shotgun" complaints are not sufficient pleadings:

> The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.

Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295 & n.9

(11th Cir. 2002). In such cases, it is "virtually impossible to know which

allegations of fact are intended to support which claim(s) for relief," and a party

faced with such a complaint is not expected to draft a responsive pleading.

Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th

Cir. 1996). Therefore, it is important for a court to "narrow and define the issues

from the earliest stages of the litigation." Ebrahimi v. City of Huntsville Bd. of

Educ., 114 F.3d 162, 165 (11th Cir. 1997). "[A] complaint will be dismissed as

insufficient where the allegations it contains are vague and conclusory." Fullman

v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). This court does not require

the district court, or the defendants, to "sift through the facts presented and decide

for [itself] which were material to the particular cause of action asserted."

Strategic Income Fund, L.L.C., 305 F.3d at 1296 n.9 (citations omitted).

3

Here, Washington's complaint was the equivalent of a shotgun pleading, leaving the defendants with no notice of the claims against them. Therefore, the court dismissed the complaint <u>with</u> prejudice, but at no time before dismissal did the court instruct Washington to amend his complaint to comply with Rule 8(a)(2).

Dismissal with prejudice is a drastic sanction, and should be imposed only as a last resort. <u>See</u> <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F.3d 1045, 1049 (11th Cir. 1994); <u>see also</u> <u>Gratton v. Great Am. Communications</u>, 178 F.3d 1373, 1375 (11th Cir. 1999).

Because the district court did not order Washington to provide a more definite statement under Rule 12(e) or to otherwise comply with Rule 8(a)(2), dismissal with prejudice was improper. Accordingly, we VACATE and REMAND in part with instructions for the court to either order Washington to comply with the rules or to dismiss the complaint without prejudice. We AFFIRM the dismissal of the claims against the various defendants in their official capacities as barred by immunity. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 97-102, 104 S.Ct. 900, 906-09, 79 L.Ed.2d 67 (1984).

VACATED and REMANDED IN PART; AFFIRMED IN PART.

4