[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13777
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00616-CV-T- N

ROGER REEVES,

Plaintiff-Appellant,

versus

DSI SECURITY SERVICES,
AMERICAN BUILDINGS COMPANY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 3, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Roger Reeves, an African-American male who is a member of the Pentecostal faith, appeals, *pro se*, from the district court's dismissal with prejudice of his claim against the Equal Employment Opportunity Commission (EEOC), and its grant of summary judgment in favor of American Buildings Company (ABC) and DSI Security Services, Inc. (DSI), in his employment discrimination suit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a).

On appeal, Reeves argues the district court erred by dismissing his claims against the EEOC based on its finding (1) it lacked jurisdiction to hear these claims, and (2) Reeves' claim for monetary damages against the EEOC was barred by sovereign immunity. Reeves also argues the district court erred by granting summary judgment to DSI and ABC based on its finding Reeves had not established a *prima facie* case of discrimination or harassment.[1]

## I.    DISMISSAL OF CLAIMS AGAINST THE EEOC

Reeves argues the district court erred by dismissing with prejudice his claims against the EEOC – based, in part, on the agency's decision to walk out of a

---

[1] Reeves further argues the district court erred by denying his request for appointment of counsel. However, this case does not have exceptional circumstances that would require the appointment of counsel, and the core issues of this case – discrimination on the basis of race and religion and hostile work environment – are "not so unusual that the district court abused its discretion by refusing to appoint counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

mediation session – because the claim was "very meritorious," and because the EEOC had a duty to mediate fairly but failed to do so.

We review *de novo* a grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accept the allegations in the complaint as true, and construe them in the light most favorable to the plaintiff. *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000). When ruling on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The establishment of an employment relationship is required to obtain relief pursuant to Title VII. *Hishon v. King & Spalding*, 104 S. Ct. 2229, 2233 (1984); 42 U.S.C. § 2000e-2.

We also review *de novo* a sovereign's immunity from suit. *United States v. 1461 W. 42nd St., Hialeah, Fla.*, 251 F.3d 1329, 1334 (11th Cir. 2001). The Supreme Court has ruled sovereign immunity shields federal agencies from suit unless that agency waived sovereign immunity. *Dep't of the Army v. Blue Fox, Inc.*, 119 S. Ct. 687, 690 (1999).

Reeves does not argue, and the evidence does not suggest, the EEOC was his employer. Therefore, Title VII did not allow him to obtain relief against the EEOC. *See Gibson v. Missouri Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978)[2] ("Title VII . . . confers no right of action against the enforcement agency. Nothing done or omitted by EEOC affected [Plaintiff's] rights."). Furthermore, the EEOC is a federal agency, and there is no evidence in the record that the EEOC waived sovereign immunity. Therefore, Reeves is precluded from bringing suit against the EEOC under another provision of federal law. *See Blue Fox, Inc.*, 119 S. Ct. at 724. Thus, the district court did not err when it dismissed Reeves' complaint against the EEOC for failure to state a claim and because it was entitled to sovereign immunity.

## II.    SUMMARY JUDGMENT FOR DSI AND ABC

We review a district court's grant of summary judgment *de novo*. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). Issues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989); *see also Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (noting we do not address arguments raised for the first time, in a *pro se*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

litigant's reply brief).  We liberally read briefs filed by *pro se* litigants.  *Lorisme v.*
*I.N.S.*,129 F.3d 1441, 1444 n.3 (11th Cir. 1997).  However, the leniency afforded
*pro se* litigants by liberal construction does not give the courts license to serve as
*de facto* counsel or permit them to rewrite an otherwise deficient brief.  *GJR*
*Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.
1998).  Under Rule 56(c), summary judgment is proper "if the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any material fact and
that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).

Title VII explicitly prohibits discrimination against any individual with
respect to his compensation, terms, conditions, or privileges of employment,
because of such individuals's race, color, religion, sex, or national origin.  42
U.S.C. § 2000e-2(a).  To prevail on a Title VII claim, a plaintiff must present
(1) direct evidence of discrimination or (2) circumstantial evidence that creates an
inference of discrimination.  *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d
821, 827-28 (11th Cir. 2000).  A plaintiff may also establish a *prima facie* case of
discrimination by presenting statistical proof of a pattern of discrimination.
*Hawkins v. Ceco Corp.*, 883 F.2d 977, 985 (11th Cir. 1989).

Claims of racial discrimination based on circumstantial evidence are normally evaluated under the three-part, burden shifting framework of *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817, 1824 (1973); *see also Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). In *McDonnell Douglas*, the Supreme Court held that if an employee presents a *prima facie* case of racial discrimination against an employer, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas*, 93 S. Ct. at 1824. The employee retains the ultimate burden of proof throughout the proceedings and must be given a fair opportunity to rebut the employer's reason with evidence that the explanation offered by the employer was a pretext for racial discrimination. *Id.* at 1825-26.

In order to present a *prima facie* case, an employee may "show that: (1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [his] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job." *Burke-Fowler*, 447 F.3d at 1323. A *prima facie* case must be supported by "facts adequate to permit an inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). An adverse employment action is one that involves a serious and material change in the terms, conditions, or privileges of one's employment. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238

6

(11th Cir. 2001).  "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling."  *Id.* at 1239.  Rather, a reasonable person must find the action to be materially adverse.  *Id.*

To establish a hostile environment claim, a plaintiff may establish that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on his protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) the employer is responsible for the environment, either directly or vicariously.  *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b).  We treat the question of whether a defendant meets the statutory definition of "employer" as a threshold jurisdictional matter under Title VII.  *Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1359-60 (11th Cir. 1994) (discussing joint employer test).  We liberally construe the term "employer" when determining whether a complainant may pursue his Title VII charge and may construe two "highly integrated" entities, "with respect to ownership and operations," to be an individual's single employer for Title VII

7

liability. *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999) (discussing aggregating local governments as "single employer"). Alternately, we may determine that two separate entities are an individual's single employer. To make such a determination, we consider the: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Id.*

An individual may not file a complaint regarding an alleged Title VII violation unless he first raises the claim in an EEOC charge. *Alexander v. Fulton Co.*, 207 F.3d 1303, 1332 (11th Cir. 2000). EEOC charges that are prepared without the assistance of counsel must be construed broadly, but a complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

With regard to DSI, the evidence showed DSI treated Reeves the same as the other security guards, and as far as Reeves' pay is concerned, he did not establish that he was treated differently because of his race or religion. In addition, even if DSI treated its security guards differently than other employees, Reeves cannot obtain relief because he never showed DSI did so because of one of the protected grounds. With respect to the mediation dispute, and the claim of discrimination arising from that, Reeves did not establish an adverse employment action because he did not show DSI's walking out of the session constituted a serious and material

8

change in the terms or conditions of his employment. Therefore, Reeves failed to establish a *prima facie* case of discrimination. Finally, Reeves never exhausted his administrative remedies regarding his hostile environment claim, thus the district court did not err by granting summary judgment on this claim, either.

With regard to ABC, the evidence showed Reeves did not have an employment relationship with ABC, thus he could not obtain relief from it pursuant to Title VII. Moreover, even if ABC is regarded as a co-employer, Reeves' claims fail substantially for the same reasons they failed against DSI and summary judgment was proper for DSI. Accordingly, the district court correctly awarded summary judgment to ABC on Reeves' claims for discrimination based on race and religion and providing a hostile work environment.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**