HOMELAND INSURANCE CO./The OKLAHOMA PROPERTY AND CASUALTY GUARANTY FUND, Petitioner,

v.

Donna RANKIN and The Workers' Compensation Court, Respondents.

No. 79418.

Court of Appeals of Oklahoma, Division No. 2.

Feb. 9, 1993.

Riki R. Lamb, Ronald E. Hignight, Gregory A. Krohn, Legal Intern, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for petitioner.

John S. Dolence, Neosho, for respondents.

BOUDREAU, Presiding Judge.

Petitioner, the Oklahoma Property and Casualty Guaranty Fund, appeals from an order of a three-judge panel of the workers' compensation court affirming the trial court's award of benefits to Claimant, Donna Rankin, for permanent partial disability. The issues on appeal are whether the doctrine of laches applies in a workers' compensation case and whether Claimant timely filed a claim against the liquidator of an

insolvent insurer. Having reviewed the record and applicable law, we affirm the order of the three-judge panel.

The parties agree that Claimant suffered a work-related injury on October 17, 1985. They further agree that Claimant timely notified Employer of her injury. Employer filed a Form 2—"First Notice of Injury"—with the workers' compensation court on October 22, 1985. Employer's insurer, Homeland Insurance Company, also paid temporary disability benefits to Claimant and paid for some medical expenses. Claimant did not file a claim at that time.

On September 25, 1987, Homeland Insurance Company, a California domiciliary, was declared insolvent and the California Insurance Commissioner was appointed its liquidator. The commissioner drafted a notice to policyholders, claimants, and all interested persons. The notice stated that all claims of any kind against Homeland Insurance Company were to be filed on or before April 8, 1988. It further advised that claims against Homeland for benefits due under insurance policies could be handled by the guaranty association in the claimant's state. There is no evidence that the commissioner sent a copy of this notice to Claimant, nor is there any evidence that the commissioner published the notice in any newspaper in either California or Oklahoma. Furthermore, there is no evidence that Claimant received notice of the bankruptcy by any other means. Claimant did not file her claim by April 8, 1988.

On March 7, 1990, Claimant filed her Form 3 with the workers' compensation court. Employer filed a Form 10 answer alleging the claim was barred by laches and the Claimant's failure to timely file an action within the time set by the California Insurance Commissioner. The Guaranty Fund did not file an answer but joined in these defenses at the hearing before the trial court.

The trial court found that Claimant did not receive notice of Homeland's bankruptcy proceedings. The trial court, therefore, found that the Guaranty Fund was estopped to deny the claim on the basis of Claimant's failure to timely file it against the liquidator. According to the court, the filing of the Form 2 by Employer established a period of five years during which Claimant could file her claim for compensation, and Claimant filed within this five-year period. The court also found that there was no statutory provision for the application of the doctrine of laches. The court awarded Claimant benefits for permanent partial disability.

The Guaranty Fund appealed this order to the three-judge panel. The panel found that the order was not against the clear weight of the evidence nor contrary to law. The Guaranty Fund appeals this order.

## I

The Guaranty Fund first alleges that the doctrine of laches should bar Claimant's action for workers' compensation. It argues that Claimant's willful failure to pursue her claim caused the Guaranty Fund to be at a disadvantage in defending against the claim.

The doctrine of laches is peculiar to courts of equity. *B & M International Trading Co. v. Woodie Ayers Chevrolet, Inc.*, 765 P.2d 782, 783 (Okla.1988). An action for workers' compensation benefits is a special statutory proceeding. *Special Indemnity Fund v. Willoughby*, 408 P.2d 536, 540 (Okla.1965), and does not fall within equitable jurisdiction. Therefore, the doctrine of laches does not apply to a claim for workers' compensation.

The only authority cited by the Guaranty Fund in support of its argument of laches is Rule 2 of the Workers' Compensation Court Rules, 85 O.S.1991, Ch. 4, App. This rule provides, "Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these rules will be guided by practice or procedure followed in the district courts of this state." According to the Guaranty Fund's argument, since laches is an affirmative defense under 12 O.S. 1991 § 2008(C)(12), it should also be recognized as a defense in workers' compensation actions. Recognition of the doctrine of laches *as a valid defense* is not "a matter

of practice or procedure." Rather, *classifying it as an affirmative defense* under section 2008(C)(12) is a matter of practice and procedure. Therefore, we reject the Guaranty Fund's argument that Rule 2 and section 2008(C)(12) support recognition of the doctrine of laches as a valid defense in workers' compensation cases.

■ Section 43 of the Workers' Compensation Act gives a claimant five years to prosecute a claim. Application of the doctrine of laches, as requested by the Guaranty Fund, would contravene the clear intent of section 43. Rather than a claimant being allowed five years to prosecute his or her claim, each case might require an individualized determination of whether the claimant neglected to prosecute the claim in a reasonable time. An appellate court may not change, modify or amend the expressed intent of the legislature. *Copeland v. Stone*, 842 P.2d 754 (Okla.1992).

## II

The Guaranty Fund next alleges the claim for compensation was barred because Claimant did not file it by April 8, 1988, the date specified by the California Insurance Commissioner. The Guaranty Fund argues that the California Insurance Commissioner published notice and that such notice was sufficient to bind Claimant to the filing deadline.

■ The Oklahoma Property and Casualty Insurance Guaranty Association Act, 36 O.S.1991 §§ 2001–2043, was created, in part, "to provide a mechanism ... to avoid financial loss to claimants or policyholders because of the insolvency of an insurer...." 36 O.S.1991 § 2002. The Association is obligated to pay covered claims, 36 O.S.1991 § 2007(A)(1), which are defined as unpaid claims of an insured or third party claimant residing in Oklahoma at the time of the insured event. 36 O.S.1991 § 2004(6). "A covered claim shall not include any claim filed with the Association after the final date set by the court for the filing of claims against the liquidator or receiver of an insolvent insurer." 36 O.S. 1991 § 2014. The Guaranty Fund argues that this section bars Claimant's action because Claimant did not file prior to the date set by the liquidator.

■ " 'The fundamental requisite of due process of law is the opportunity to be heard.' *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 [ (1914) ]. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice that is required must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citations omitted). Furthermore, in cases of persons who are missing or unknown, an indirect and possibly even futile means of notification, such as notice by publication, may suffice. *Id.* at 317, 70 S.Ct. at 658. However, in cases where the identities of interested persons are known or reasonably ascertainable, publication notice is not sufficient. *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988). *See also In re Application of Tubbs*, 620 P.2d 384 (Okla.1980); *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okla.1968).

■ We find that Claimant's interests and whereabouts were reasonably ascertainable and notice by publication was not sufficient in this case. The insured employer had filed a Form 2 with the workers' compensation court and Homeland Insurance Company had paid some benefits to Claimant. The bankrupt insurer should have known that the claim was open for at least five years from the filing of the Form 2, and was, thus, open at the time that the California Insurance Commissioner sent notice to interested parties.

*Kinder v. Pacific Public Carriers Co-op, Inc.*, 105 Cal.App.3d 657, 164 Cal.Rptr. 567 (1980), relied upon by the Guaranty Fund, is not applicable. In *Kinder* the claimant had not reported her claim to the

insolvent insurance company and the company had no record of the claim. Therefore, her identity and interest were not reasonably ascertainable.

■ Even if it can be said that Claimant was only entitled to constructive notice, the Guaranty Fund presented no evidence to show that such notice was given. The only evidence of any notice that was presented to the court was the document filed by the California Insurance Commissioner in the insolvency proceedings entitled "Notice to Policyholders, Claimants, and to All Persons Having an Interest In the Liquidation of Homeland Insurance Company." However, there is no evidence that this document was sent to Claimant personally or that this notice of the insolvency was published in any means reasonably calculated to inform Claimant of the pending liquidation.

■ A discharge in bankruptcy is an affirmative defense which must be affirmatively plead in district courts of Oklahoma. 12 O.S.1991 § 2008(C)(5). Pursuant to Rule 2 of the Workers' Compensation Court Rules, this requirement of affirmative pleading is also applicable to workers' compensation cases. Furthermore, the "burden of proof in workers' compensation cases rests ... upon the employer or insurance carrier to establish facts which bar the claimant's right to recovery." *Armco, Inc. v. Holcomb*, 694 P.2d 937, 939 (Okla.1985). In the case at bar, the Guaranty Fund has failed to meet its burden of pleading or proving that the claim is barred for failure to comply with the filing requirements in the bankruptcy proceeding.

Therefore, we affirm the order of the three-judge panel and find that Claimant's action for workers' compensation is not barred by either laches or her failure to timely file within the time set in the bankruptcy proceedings.

REIF, V.C.J. (sitting by designation), and STUBBLEFIELD, J., concur.