**In re Rhonda Peak PARKER, Debtor.**

**Robert L. Chester, Plaintiff,**

**v.**

**Rhonda Peak Parker, Defendant.**

**Bankruptcy No. 02–10618–JDW.**

**Adversary No. 02–1015–JDW.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Sept. 3, 2002.

Robert L. Chester, pro se, Macon State Prison, Oglethorpe, GA, for Plaintiff.

J. Michael Greene, Americus, GA, for Defendant.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Plaintiff Robert L. Chester's Complaint of Objection [sic]. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the briefs, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

On May 10, 2001, Plaintiff, a state prisoner acting *pro se* in this case, filed a civil complaint in federal district court against Debtor, Rhonda Peak Parker, seeking damages of $10,000. Debtor filed a Chapter 7 bankruptcy petition on March 19, 2002. On April 4, 2002, Plaintiff filed a Complaint of Objection [sic] in which he asked the Court to set aside property valued at $10,000 to cover any award of damages he might be granted. In the complaint, Plaintiff alleged that Debtor's bankruptcy filing was an effort "to hide behind the banner of the law" and that "her timing in seeking protection should be looked upon with complete suspicion."

Plaintiff's complaint reads in full as follows:

Comes now the Plaintiff in the above state cases, and hereby files with this Court his Complaint of Objection, pursuant to any and all applicable Court

Rules, statute[s], etc. [sic] that this Plaintiff may have improperly failed to mentioned [sic]. The Plaintiff objects to the defendant['s] efforts to hide behind the banner of the law, and aver[s] that her timing in seeking protection should be looked upon with complete suspicion. Plaintiff therefore shows the following, to-wit:

(1) That on or about May 10, 2001, Plaintiff did file a civil complaint against Rhonda Parker, and other individual[s] seeking damages totalling [sic] $145,000.00[.]

(2) Plaintiff is seeking from this defendant monetary damages in the amount of $10,000[.]

(3) Each of the Plaintiff['s] claims were filed prior to the defendant filing for protection in this court.

(4) The defendant filed this claim of protection to stop the Plaintiff from confiscat[ing] and seizing her asset[s] to cover this claim.

(5) The Plaintiff is now seeking to place a Court order[ed] lien against Ms. Parker, in his civil case to ensure that at the completion of his civil case in the event he should be successful the funds are than [sic] available.

WHEREFORE, Plaintiff prays that this Court set aside at the Court['s] discretion anything of value to cover the full amount of $10,000.00 until such time as this matter has come to a conclusion.

Debtor filed an Answer to Complaint of Objection on May 29, 2002. On July 18, 2002, she filed the present Motion for Judgment on the Pleadings on the ground that Plaintiff's complaint fails to state a cause of action.

### Conclusions of Law

Under Federal Rule of Civil Procedure 12(c), made applicable to bankruptcy through Federal Rule of Bankruptcy Procedure 7012(b), any party may bring a motion for judgment on the pleadings anytime after the pleadings are closed.[1] Such a motion may be granted when no material facts are in dispute and the movant is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1117 (11th Cir.1999). The Court views the pleadings in the light most favorable to the nonmovant and accepts all his allegations as true. *Id.* The Court may consider only the pleadings. The movant will succeed only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

■ Even applying the very generous standard required of a motion for judgment on the pleadings, the Court can find nothing in the complaint that would justify allowing this adversary proceeding to continue. Indeed, the Court is pressed to find any allegations in the complaint at all. The only inference the Court can draw from Plaintiff's pleading is that Debtor's timing in filing bankruptcy is suspect because it was done "to stop the Plaintiff from confiscat[ing] and seizing her asset[s] to cover" the nonbankruptcy claim. However, one of the policies at the heart of the Bankruptcy Code is to provide a debtor

---

1. Rule 12(c) provides as follows:
   After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
   Fed.R.Civ.P. 12(c).

with a breathing spell from her creditors.[2] It is not uncommon, improper, or unlawful for a debtor to file for bankruptcy when she becomes the target of a civil suit exposing her to a judgment for damages. In fact, the Code contemplates such circumstances by expressly providing that the litigation is stayed upon the filing of the bankruptcy case. 11 U.S.C. § 362(a)(1).[3]

Nevertheless, a creditor may seek relief under Section 523(a) for a determination that his debt is nondischargeable. Although neither Plaintiff's complaint nor Debtor's answer states the basis for Plaintiff's district court action, the Court is obligated to examine the pleadings in the light most favorable to Plaintiff. In doing so, the Court finds that the most plausible basis for the district court case is medical malpractice or a similar theory. The only possible exception to discharge such a suit could present is the willful and malicious injury exception under Section 523(a)(6)[4] of the Code. The Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), held that neither negligence nor recklessness satisfies the "willfull" requirement of Section 523(a)(6). *Id.* at 64, 118 S.Ct. at 974. Rather, the injury must have been intended. *Id.* at 61, 118 S.Ct. at 977. Plaintiff's complaint does not make an allegation of willful injury by Debtor much less provide facts from which the Court could infer such an injury. Furthermore, the Court has failed to find an allegation in Plaintiff's complaint that would support nondischargeability under any subsection of 523(a).

In his brief opposing Debtor's motion, Plaintiff argued that damages arising from civil rights violations are not dischargeable in bankruptcy.[5] He asserted that because tax liability is nondischargeable, liability for constitutional violations should be nondischargeable, as well. However, Congress decides which debts are nondischargeable in bankruptcy and has done so by creating 19 exceptions to discharge in Section 523(a). Certain taxes are among those exceptions. *See* 11 U.S.C.A. § 523(a)(1) (West 1992 & Supp.2002). Liability for civil rights or constitutional violations are not. Therefore, Plaintiff's argument finds no basis for relief under the bankruptcy Code. And, in the absence of any facts or allegations that would support any ground of relief for Plaintiff, the Court is compelled to grant Debtor's motion and dismiss the case.

---

**2.** The legislative history to Section 362 of the Bankruptcy Code states as follows:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. H. Rep. No. 95–595, at 340 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6296, *reprinted in* C Collier on Bankruptcy App. Pt. 4(d)(i) (15th ed. rev.2002).

**3.** "[A] petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of ... (1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C.A. § 362(a)(1).

**4.** "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.A. § 523(a)(6).

**5.** Although no similar allegations were made in Plaintiff's complaint, the Court will consider his argument in an effort to draw all inferences in his favor.

An Order in accordance with this Opinion will be entered on this date.